UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROGER D. CORDELL,
                    Plaintiff,


            v.                                          Civil Action No. 10-10879-NMG

CAROLYN SABOL, ET AL.,
                    Defendants.

<u>MEMORANDUM AND ORDER</u>

GORTON, D.J.

        On May 24, 2010, Plaintiff Roger Dean Cordell ("Cordell") filed a civil rights Complaint

against the Warden of FMC Devens, the Warden of FCI Marianna in Florida, the Clinical

Directors of both facilities, other prison and medical personnel, and others.  Cordell asserted

Eighth and Fourteenth Amendment violations in connection with his improper medical treatment

for a very rare blood disorder.  He also alleged that several Defendants falsified his medical

records.

        On June 29, 2010, this Court issued a Memorandum and Order (Docket No. 6) granting

Cordell's Motion for Leave to Proceed *in forma pauperis*, and directing him to show cause

within 35 days why his Complaint should not be dismissed, or, in the alternative, file an

Amended Complaint curing the pleading deficiencies.  The Memorandum and Order addressed

the pleading deficiencies under Rule 8 of the Federal Rules of Civil Procedure, the lack of

*respondeat superior* liability of the supervisory Defendants and entities, and the statute of

limitations bar with respect to Cordell's claims against the Defendants located in Florida.

        In response to the Memorandum and Order, Cordell filed, on August 3, 2010, an

Amended Complaint (Docket No. 7), withdrawing his original Complaint, dropping his claims

against the Florida Defendants, and asserting claims only against four Defendants affiliated with

FMC Devens.  The Defendants named in the Amended Complaint are Casandra Howard

(Clinical Director of FMC Devens); Karl Bernhard (physician); Herbert P. Beam (physician);

and John Asare (medical practitioner).  Cordell again asserts that these Defendants, *inter alia*,

acted with deliberate indifference to his serious medical needs by refusing emergency treatment,

over-dosing him with medication, failing to intervene to correct improper medical treatment, and

falsifying his medical records.  Unlike the original Complaint, the Amended Complaint sets forth

his claims separately as to each Defendant, and includes relevant dates of the alleged medical

incidents.

Cordell seeks $40 million in damages and the restoration (correction) of his medical

records.

## DISCUSSION

Although the Amended Complaint is not pristine, the Court finds that Cordell has made

substantial efforts to comply with the directives contained in the Memorandum and Order

(Docket No. 6).  He now sets forth his claims sufficiently to pass a preliminary screening

pursuant to 28 U.S.C. § 1915(e).

Accordingly, this Court will permit this action to proceed at this time.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The only Defendants in this action are Casandra Howard; Karl Bernhard; Herbert P. Beam; and John Asare.  All other Defendants are terminated as parties to this action;[1]

2. The Clerk shall issue summonses as to Casandra Howard; Karl Bernhard; Herbert P. Beam; and John Asare; and

---

[1]The docket has been corrected by the Clerk accordingly.

2

3.      The Clerk shall send the summonses, Amended Complaint, and this Order to Cordell, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m).  Cordell may elect to have service made by the United States Marshal. If directed by Cordell to do so, the United States Marshal shall serve the summonses, Amended Complaint, and this Order upon the Defendants, in the manner directed by him, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Cordell shall have 120 days from the date of this Order to complete service

SO ORDERED.


/s/ Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE

DATED: August 9, 2010