UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROGER D. CORDELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-10879-NMG |
| CASANDRA HOWARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

June 20, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

Plaintiff Roger D. Cordell ("Cordell") has brought this Bivens[1] action pro se against four medical providers at FMC Devens in Ayer, Massachusetts. Cordell claims that the defendants, Casandra Howard, Karl Bernhard, Herbert P. Beam and John Asare, violated his constitutional rights by over-dosing him with medication, depriving him of adequate medical treatment and falsifying his medical records while he was an inmate at FMC Devens. The matter is before the court on the "Defendants' Motion to Dismiss"

---

[1] Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), establishes, "as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Ruiz Rivera v. Riley, 209 F.3d 24, 26 (1st Cir. 2000) (quotations and citation omitted).

(Docket No. 16), and on Cordell's motion for summary judgment (Docket No. 12). By their motion, the defendants are seeking dismissal of Cordell's claims, pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process. The plaintiff, by his motion, is seeking summary judgment in his favor on all of his claims against the defendants.

As detailed below, this court finds that although Cordell served copies of the summons and complaint upon each of the four named defendants, service of process remains insufficient because the plaintiff has failed to complete service upon the United States as required by the Federal Rules of Civil Procedure. Nevertheless, this court also concludes that dismissal would not be appropriate at this time because Cordell is entitled to a reasonable extension of time to cure the deficiency. Accordingly, and for all the reasons described below, this court recommends to the District Judge to whom this case is assigned that the "Defendants' Motion to Dismiss" for insufficient service of process (Docket No. 16) be DENIED WITHOUT PREJUDICE and that Cordell be given an additional 60 days to complete proper service upon the United States.[2] Any failure of Cordell to complete service within the extended period should result in the dismissal of his claims pursuant to Local Rule 4.1.

This court also finds that because service of process has not been completed, the plaintiff's motion summary judgment is premature. Therefore, this court recommends to

---

[2] If the District Judge adopts this recommendation, new summonses will need to be re-issued as to the four defendants, along with a copy of the Amended Complaint, so that Cordell can complete service upon the United States.

the District Judge to whom this case is assigned that Cordell's motion (Docket No. 12) be DENIED WITHOUT PREJUDICE to filing a new motion for summary judgment in accordance with any schedule to be entered by the court if Cordell completes sufficient service of process pursuant to this Report and Recommendation.

## II. BACKGROUND

The following procedural background is relevant to the defendants' motion to dismiss for insufficient service of process.

Cordell commenced this action by filing a complaint on May 24, 2010. (Docket No. 1). The court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2), and on June 29, 2010, the District Judge issued a Memorandum and Order directing the plaintiff to demonstrate good cause as to why the action should not be dismissed, or alternatively, to file an Amended Complaint curing various deficiencies in his original complaint. (Docket No. 6). On August 3, 2010, Cordell filed an Amended Complaint against defendants Howard, Bernhard, Beam and Asare, claiming that they had deprived him of his constitutional rights while they were employed as medical providers, and Cordell was serving a sentence, at FMC Devens. (Docket No. 7).

On August 9, 2010, the District Judge issued a Memorandum and Order in which he ruled that the claims set forth in the Amended Complaint were sufficient to withstand preliminary screening, and that Cordell would be permitted to proceed with his action. (Docket No. 8). The District Judge also directed the Clerk to issue summonses as to the

four individual defendants.  (Id. at 2).  Moreover, the District Judge ordered in relevant part as follows:

> The Clerk shall send the summonses, Amended Complaint, and this Order to Cordell, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m).  Cordell may elect to have service made by the United States Marshal.  If directed by Cordell to do so, the United States Marshal shall serve the summonses, Amended Complaint, and this Order upon the Defendants, in the manner directed by him, with all costs of service to be advanced by the United States Marshal Service.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Cordell shall have 120 days from the date of this Order to complete service[.]

(Id. at 3).

Thereafter, the Clerk sent Cordell the summonses and a copy of the Amended Complaint.  (See Docket Entry dated 08/10/2010).  In addition, the Clerk sent Cordell, among other things, a copy of the court's standard instructions, including instructions for effecting service on the United States, its agencies, corporations, officers, or employees.  (See id.).  It is undisputed that Cordell completed service of process upon the four individual defendants.  (See Docket Nos. 9-11 & 13; Def. Mem. (Docket No. 15) at 3).  However, Cordell did not attempt to complete service upon the United States.  (See Pl. Mem. (Docket No. 17) at 2-3).  Cordell contends that he did not have to serve the United States because he believed that since allegations of fraud were asserted, the Attorney General would entertain the prosecution of the defendants rather than representing them.  In addition, Cordell contends that since the defendants were served in their "personal" capacity, not "official" capacity, he did not have to serve the United States.  Finally,

Cordell argues that he was excused from serving the United States in light of the court's previously issued decision in this case. As detailed below, these arguments are without merit.

## III. ANALYSIS

### A. Defendants' Motion to Dismiss

The defendants have moved to dismiss Cordell's claims against them, pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." Aly v. Mohegan Council-Boy Scouts of Am., Civil Action No. 08-40099-FDS, 2009 WL 3299951, slip. op. at *1 (D. Mass. Apr. 20, 2009). Because Cordell has failed to complete service of process upon the United States, he has not satisfied the necessary procedural requirements of process in this case.

#### Failure to Effectuate Proper Service

Cordell claims that each of the defendants was an employee in the medical unit at FMC Devens at all times relevant to his Amended Complaint. (See Am. Compl. (Docket No. 7) ¶¶ 2-7). Where, as here, a plaintiff has brought suit against an officer or employee of the United States in his or her individual capacity, the plaintiff must comply with Fed. R. Civ. P. 4(i)(3). That Rule provides:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the

> United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3) (emphasis added). The defendants do not dispute that Cordell completed service upon each of them individually under Rule 4(e), (f), or (g). However, they contend that service of process remains insufficient because the plaintiff has failed to serve the Attorney General, the United States Attorney, or the appropriate federal agency. (Def. Mem. at 3). This court agrees that the plaintiff's failure to serve the Attorney General and the United States Attorney renders service of process insufficient.

Rule 4(i)(1) sets forth the procedure necessary to complete service upon the United States. Specifically, the Rule provides that in order to effect such service, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). In the instant case, Cordell is not challenging an order of a nonparty agency or officer, and therefore was not required to comply with Rule

4(i)(1)(C). However, he was required to provide copies of the summonses and the Amended Complaint to the United States Attorney and the Attorney General pursuant to Rule 4(i)(1)(A)-(B). Because he failed to do so, service of process on the defendants was inadequate.

Cordell's excuses for not completing service upon the United States do not relieve him of his obligation to comply with the applicable rules. As an initial matter, Cordell has asserted civil rights claims, not criminal claims, against the defendants. His assumption that the Attorney General would prosecute the defendants rather than defend them in this action is inaccurate and does not excuse the plaintiff from compliance with the civil procedural rules. Furthermore, the fact that Cordell is suing the defendants in their individual capacities does not relieve him from the obligation to complete service upon the United States. As detailed above, the rules governing service on a federal employee sued in an individual capacity require the plaintiff to serve process upon both the individual defendant and the United States. See Fed. R. Civ. P. 4(i)(3).

Finally, Cordell's reliance on the District Judge's prior Memorandum and Order as a basis for avoiding service on the United States is not persuasive.[3] Although the plaintiff may have been confused by the fact that the court directed the Clerk to issue summonses

---

[3] Although Cordell argues that he did not serve the United States because of the Memorandum and Order of June 29, 2010, it is clear from the attachment to his memorandum in opposition to the defendants' motion to dismiss that he is talking about the court's August 9, 2010 Memorandum and Order, and in particular, the District Judge's instructions regarding the issuance of summonses and service of process. (See Pl. Mem. at 2 and attachment thereto).

only as to the individual defendants, and did not refer specifically to the requirements for service upon the United States, nothing in the court's Order suggests that such service was unnecessary. Under Rule 4(i), the plaintiff was required to serve a "copy" of the summons and complaint upon the United States Attorney and the Attorney General. Fed. R. Civ. P. 4(i)(1). Accordingly, there was no need for the court to order that a separate summons be issued as to the United States. Moreover, when the summonses were issued on August 10, 2010, the Clerk also sent Cordell a copy of the court's standard instructions, including instructions for effecting service on the United States, its agencies, corporations, officers, or employees. (See Docket Entry dated 8/10/2010). Cordell cannot rely on the court's prior order to avoid proper service.

### Extension of Time for Service

Notwithstanding this court's conclusion that service of process was insufficient, this court finds that dismissal of Cordell's claims would not be appropriate at this time. Under Rule 4(i)(4), "[t]he court must allow a party a reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(B) (emphasis added). In the instant matter, it is undisputed that the plaintiff completed service of process upon each of the individual defendants. Therefore, he is entitled to a reasonable extension of time to complete service of process on the United States. Accordingly, this court recommends that the defendants' motion to dismiss for insufficient service of process be denied without prejudice, and that Cordell be given an additional 60 days to complete service on the

United States in accordance with Fed. R. Civ. P. 4(i)(1).[4]  However, this court further recommends that any failure to effectuate sufficient service within the extended time period result in the dismissal of Cordell's claims pursuant to Local Rule 4.1.

    **B.**    **Motion for Summary Judgment**

Cordell has moved for summary judgment pursuant to Fed. R. Civ. P. 56.  In light of the fact that he has failed to complete proper service of process upon the defendants, the plaintiff's motion is premature.  See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served[.]" (quotations and citation omitted)).  Accordingly, this court recommends that the plaintiff's motion be denied without prejudice to filing a new motion for summary judgment pursuant to any schedule entered by the court if Cordell completes proper service of process.

## IV.  CONCLUSION

---

[4] Cordell argues that the defendants' motion to dismiss should be denied because the defendants made a false representation to the court.  Specifically, counsel for the defendants stated that prior to filing the motion, he did not confer with the plaintiff in an attempt to narrow the issues pursuant to Local Rule 7.1 "[b]ecause Plaintiff is pro se and an inmate within a federal correctional facility[.]" (Def. Mot. (Docket No. 16) at 2).  However, the plaintiff asserts that he was discharged from federal prison on June 3, 2009.  (Pl. Mot. to Object (Docket No. 18) at 1).  Moreover, it appears from the Certificate of Service contained in the defendants' motion that defense counsel was aware of plaintiff's status at the time the defendants filed their motion.  (See Def. Mot. at 2).  Although this court declines to recommend that the defendants' motion be denied on this basis, this court will assume that the defendants will comply with the applicable rules in the future.

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the "Defendants' Motion to Dismiss" for insufficient service of process (Docket No. 16) be DENIED WITHOUT PREJUDICE and that Cordell be given an additional 60 days to complete proper service upon the United States, with the understanding that his failure to do so will result in the dismissal of his claims against the defendants pursuant to Local Rule 4.1. This court also recommends, for the reasons detailed above, that Cordell's motion for summary judgment (Docket No. 12) be DENIED WITHOUT PREJUDICE to filing a new motion for summary judgment in accordance with any schedule to be entered by the court if Cordell completes sufficient service of process.[5]

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[5] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).