UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROGER D. CORDELL            )
                                 )
        Plaintiff,          )
   v.                       )     CIVIL ACTION
                                 )     NO. 10-10879-NMG
CASANDRA HOWARD, et al.,   )
                                 )
        Defendants.      )

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS AND ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

June 7, 2012

DEIN, U.S.M.J.

## I.  INTRODUCTION

Plaintiff Roger D. Cordell ("Cordell") has brought this <u>Bivens</u>[1] action <u>pro se</u>

against four medical providers at FMC Devens in Ayer, Massachusetts.  Cordell claims

that the defendants, Casandra Howard ("Howard"), Karl Bernhard ("Bernhard"), Herbert

P. Beam ("Beam") and John Asare ("Asare"), deprived him of his constitutional rights

under the Eighth Amendment while he was an inmate at FMC Devens by overdosing him

with medication, falsifying his medical records to cover up the alleged overdoses,

refusing to provide him with emergency medical care, and failing to intervene to correct

---

[1] <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct.
1999, 29 L. Ed. 2d 619 (1971) establishes, "as a general proposition, that victims of a constitu-
tional violation perpetrated by a federal actor may sue the offender for damages in federal court
despite the absence of explicit statutory authorization for such suits." <u>Ruiz Rivera v. Riley</u>, 209
F.3d 24, 26 (1st Cir. 2000) (quotations and citation omitted).

improper medical treatment.  The matter is before the court on the "Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment" (Docket No. 23), and on the plaintiff's cross-motion for summary judgment (Docket No. 25).  By their motion, the defendants contend that Cordell's claims are barred by the doctrine of <u>res judicata</u> because they were fully and finally litigated in a prior <u>Bivens</u> action filed in this court in Civil Action No. 07-40103-WGY (the "2007 Action").  They also contend that dismissal is warranted because the complaint lacks sufficient specificity to comply with the notice pleading requirements of Fed. R. Civ. P. 8, and because the plaintiff has failed to present evidence demonstrating that the defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.  Cordell opposes the defendants' motion on the merits and on the grounds that it is premature.  He also has requested that summary judgment be entered in his favor.

As described below, this court finds that this case is not yet ripe for summary judgment, and that the defendants' motion should be treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  After applying the applicable standard, this court concludes that Cordell's present claims are distinct from the claims asserted in the 2007 Action, and should not be precluded by <u>res judicata</u>.  This court also finds that the allegations set forth in Cordell's Amended Complaint are sufficiently detailed to state an Eighth Amendment claim against each of the defendants.  Therefore, and for all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the defen-

dant's motion be DENIED, albeit without prejudice to their right to file a motion for summary judgment at the conclusion of discovery.

In light of this court's conclusion that summary judgment is premature, this court recommends that Cordell's cross-motion for summary judgment also be DENIED without prejudice to refiling after the parties have completed discovery. However, because the issues in this case are straightforward, and the defendants are prepared to move forward with summary judgment immediately, this court further recommends that the period for discovery be limited and that the parties be given **180 days** from the court's final ruling on the pending motions to complete any discovery and file any motions for summary judgment.

## II.  STATEMENT OF FACTS

### Scope of the Record

The defendants have filed a motion to dismiss, or in the alternative, for summary judgment. Pursuant to Fed. R. Civ. P. 12(d), the court has discretion to treat a motion to dismiss as one for summary judgment if the court chooses to consider materials outside the pleadings. However, if the court decides to convert the motion into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Conversion is improper if it 'would come as a "surprise" or be "unfair" to the party against whom judgment is rendered.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (quoting Clorox Co. PR v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000)).

In the instant case, the defendants and, in response, the plaintiff, have submitted materials outside the pleadings, and Cordell has responded to the defendants' motion by cross-moving for summary judgment in his favor. Nevertheless, the plaintiff has indicated that he was not aware of the need to present evidence at this stage of the litigation, and he has expressed a desire to take discovery and present additional evidence if his claims survive the defendants' motion to dismiss. (Pl. S.J. Mem. (Docket No. 26) at 2; Pl. Reply Mem. (Docket No. 27) at 4-5). Because conversion would deprive Cordell of an adequate opportunity to develop the record in support of his claims, this court finds that summary judgment is premature. Consequently, this court will consider the defendants' motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] In light of this court's conclusion that the matter is not ripe for summary judgment, this court recommends that the plaintiff's cross-motion for summary judgment be denied without prejudice.

## Factual Background

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Where, as here, the plaintiff is proceeding pro se, this court construes his

---

[2] Although the defendants purport to have brought their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), (see Docket No. 23), they do not argue that this court lacks personal jurisdiction over any of the named defendants. Therefore, this court has construed the motion as having been brought solely under Rule 12(b)(6).

allegations liberally.  See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.

Ed. 2d 251 (1976) (a pro se complaint, however inartfully pleaded, must be liberally

construed).  Ordinarily, on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court is

"limited to considering 'facts and documents that are part of or incorporated into the

complaint.'"  Giragosian, 547 F.3d at 65 (quoting Trans-Spec Truck Serv., Inc. v.

Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008)).  "These limitations, however, are not

absolute.  A district court may also consider 'documents incorporated by reference in [the

complaint], matters of public record, and other matters susceptible to judicial notice.'"

Id. (quoting In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003))

(alteration in original).[3]  Applying this standard to the instant case, the relevant facts are

as follows.

### The Parties

During all times relevant to the instant action, plaintiff Cordell was a federal

inmate at FMC Devens.  (See Am. Compl. (Docket No. 7) ¶¶ 2-17, 19).  Cordell allegedly

suffers a blood disorder that is controlled through the use of the blood thinning

medication known as Coumadin or Warfarin.  (Id. ¶¶ 17-18).  His claims in this matter

arise out of allegedly excessive dosages of Coumadin that he received on various

---

[3]  Consistent with the relevant standard, this court has considered pleadings filed and
decisions rendered in the 2007 Action.  See Giragosian, 547 F.3d at 66 (finding that it was proper
for lower court to consider documents from prior state court action in resolving motion to dismiss
under Rule 12(b)(6)); Silva v. City of New Bedford, Mass., 677 F. Supp. 2d 367, 369 (D. Mass.
2009) (where a motion to dismiss raises the defense of res judicata, court may consider the record
in the earlier action).

occasions between 2007 and 2009, while he was incarcerated at FMC Devens.  (Id. ¶¶ 9, 13, 17).

Each of the four defendants was a medical care provider at FMC Devens at the time Cordell was incarcerated there.  As alleged, defendant Howard was the Clinical Director responsible for overseeing all medical units and physicians at the facility.  (Id. ¶¶ 2-3).  Defendant Bernhard served as Cordell's primary care physician at FMC Devens, and defendant Beam occasionally provided Cordell with treatment for his blood disorder. (Id. ¶¶ 5-6).  Defendant Asare was a mid-level practitioner who was responsible for running the Coumadin clinic at FMC Devens.  (Id. ¶ 7).  Allegedly, he also participated in overseeing the treatment of Cordell's blood condition.  (Id. ¶ 7).

## The 2007 Action

Cordell previously challenged the constitutionality of the medical treatment that he was receiving at FMC Devens in the 2007 Action.  Because the nature and disposition of the claims in that case are relevant to the issues raised by the defendants in their present motion to dismiss, they are summarized briefly as follows.

Cordell initiated the 2007 Action on April 9, 2007 by filing a complaint against Howard, the Warden of FMC Devens, and the Warden and Clinical Directors of FCI Marianna in Marianna, Florida, the facility where Cordell had been incarcerated before coming to FMC Devens. (Def. Ex. A ¶ I).[4]  By his complaint, Cordell claimed that he was

---

[4] The defendants' exhibits are attached to their memorandum in support of their motion to dismiss (Docket No. 24).

suffering from an extremely rare blood clotting disorder, and that the medical staff at both FMC Devens and FCI Marianna had been unable to stabilize his blood system due to their lack of knowledge about his various medical conditions.  (Id. ¶ II).  He further alleged that as a result of the inadequate medical treatment, he was "over-toxined" with Coumadin, and was suffering from significant pain.  (Id.).  Cordell requested that the court release him to home confinement so that he could be treated at the Veterans Administration Hospital by healthcare providers who had knowledge of his blood disorder.  (Id. ¶ III).

As part of his complaint in the 2007 Action, Cordell filed health records relating to his medical treatment at FCI Marianna and FMC Devens.  The records from FMC Devens reflected testing and monitoring of Cordell's blood condition, as well as adjustments to his doses of Warfarin, during the period from December 9, 2005 to August 3, 2006.  (See Addendum to Compl. (Docket No. 3) in C.A. No. 07-40103 at Exs. 10 & 11).  Cordell did not submit records of his medical treatment at FMC Devens after August 3, 2006, and he provided no additional facts regarding his treatment at that facility in the body of his 2007 complaint.

On April 18, 2008, the defendants in the 2007 Action filed a motion to dismiss Cordell's complaint on the grounds that the court lacked personal jurisdiction over the Florida defendants, Cordell had failed to allege sufficient facts to state a claim for relief, and Cordell had failed to demonstrate that the defendants had violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.  (See

Docket Nos. 36 & 37 in C.A. No. 07-40103).  In connection with their motion, the defendants submitted the Declaration of Herbert P. Beam, M.D. in which Beam described the medical treatment that Cordell allegedly received at FMC Devens from late November 2005 through early April 2008.  (Docket No. 37 in C.A. No. 07-40103).  However, the district court did not convert the defendants' motion to dismiss into a motion for summary judgment.  Therefore, Beam's Declaration was not properly before the court.  See Giragosian, 547 F.3d at 65 (explaining that court may not consider material outside the complaint unless it converts the motion to dismiss into one for summary judgment).

On June 20, 2008, the district court issued an electronic order granting the defendants' motion to dismiss without a written opinion, and on June 23, 2008, the court issued an order dismissing the case.  (Docket No. 44 in C.A. No. 07-40103).  Cordell appealed the dismissal to the First Circuit Court of Appeals, and on March 20, 2009, the First Circuit issued a brief decision affirming the dismissal of Cordell's complaint on the grounds that the plaintiff had failed to state a Bivens-type claim for relief.  (Def. Ex. C).

Specifically, in its decision, the First Circuit determined that the plaintiff had failed to allege "specific acts by specific defendants amounting to a violation of the Eighth Amendment."  (Id.).  The Court found that this failure alone was enough to dispose of Cordell's complaint.  (Id.).  Additionally, the First Circuit concluded that Cordell had failed to allege facts showing that the defendants had acted with deliberate indifference to his serious medical needs.  (See id.).  The Court found that even assuming

8

Cordell had alleged the existence of a serious medical condition, he had not alleged

adequate facts to establish deliberate indifference on the part of the defendants.  (<u>Id.</u>).  As

the Court stated in its decision:

> [Cordell] does not, and cannot, contend that he has lacked medical
> care.  Indeed, his complaint and the attached records are replete with
> instances of medical attention, testing, treatment, calibration, and
> monitoring.  The complaint states only Cordell's personal view that
> he has not been appropriately treated.  In and of itself, this is insuffi-
> cient to state a constitutional claim under <u>Bivens</u>.

(<u>Id.</u>).  Accordingly, the First Circuit affirmed the district court's decision to dismiss

Cordell's complaint in the 2007 Action.  (<u>Id.</u>).

    Cordell attempted to appeal the First Circuit's decision to the United States

Supreme Court.  <u>See</u> <u>Cordell v. Sabol</u>, 130 S. Ct. 271, 175 L. Ed. 2d 183.  However, the

Supreme Court denied the plaintiff's petition for a writ of certiorari, thereby making the

First Circuit's decision final.  <u>Id.</u>

### Cordell's Allegations in the Instant Action

    The crux of Cordell's complaint in the instant action is that the defendants sub-

jected him to cruel and unusual punishment by giving him dangerously excessive amounts

of Coumadin on various occasions between 2007 and 2009, and falsifying his medical

records in an attempt to hide the wrongful conduct.  (<u>See</u> Am. Compl. ¶ 1).  Specifically,

Cordell claims that Howard, with assistance from Asare, overdosed him with Coumadin

on at least twelve separate occasions between July 31, 2007 and April 14, 2009.  (Am.

Compl. ¶¶ 13, 24).  According to Cordell, the overdoses were life threatening, and caused

him to suffer significant pain and severe bleeding.  (<u>Id.</u> ¶¶ 9, 18).  However, Howard and Asare allegedly refused to obtain emergency treatment for him from an outside medical specialist.  (<u>Id.</u> ¶¶ 10, 25).

Cordell further claims that Bernhard and Beam were aware of the overdosing, but made no attempt to prevent it because they did not want to undermine the authority of Howard who was their superior.  (<u>See id.</u> ¶¶ 19-22).  Instead, they allegedly participated with the other defendants in falsifying the plaintiff's medical records in an effort to cover up the alleged overdoses.  (<u>Id.</u> ¶¶ 14-16, 20-21, 24).  Specifically, Cordell contends that the defendants altered his medical records to include various heart-related ailments from which he does not suffer, presumably to justify the higher doses of Coumadin.  (<u>See</u> Am. Compl. ¶¶ 15-16).

According to Cordell, the side effects stemming from the excessive amounts of Coumadin caused him to be confined to a wheelchair during his incarceration at FMC Devens.  (<u>Id.</u> ¶ 17).  He claims that since his release from prison, he has suffered no complications from his blood disorder, and has been able to abandon the wheelchair. (<u>Id.</u>).

Additional factual details relevant to the court's analysis are described below.

## III.  <u>ANALYSIS</u>

### A.    <u>Standard of Review</u>

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings.  Thus, when confronted with a motion to dismiss, the court accepts as true all well-

pleaded facts and draws all reasonable inferences in favor of the plaintiff. Cooperman, 171 F.3d at 46. Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

Under the liberal notice pleading standard established by Fed. R. Civ. P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl., 550 U.S. at 555, 127 S. Ct. at 1964 (quotations, citation and punctuation omitted). Accordingly, "[p]laintiffs only are obliged to set forth in their complaint 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 26-27 (D. Mass. 2000) (quoting Gooley v. Mobil Oil Corp., 851 F. 2d 513, 515 (1st Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl., 127 S. Ct. at 1964-65 (quotations and citations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations omitted).

## B.  Res Judicata

The defendants contend that this lawsuit is merely an attempt by Cordell to relitigate the claims that he raised in the 2007 Action regarding the medical care that he received while at FMC Devens.  (Def. Mem. (Docket No. 24) at 7).  Accordingly, the defendants argue that this action should be dismissed pursuant to the doctrine of <u>res judicata</u>.  (<u>Id.</u> at 7-9).  For the reasons that follow, this court finds that the claims asserted in the two lawsuits are distinct, and that therefore, <u>res judicata</u> does not apply.

### Elements of the Test for Res Judicata

"Under the doctrine of res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  <u>Havercombe v. Dep't of Educ. of P.R.</u>, 250 F.3d 1, 3 (1st Cir. 2001) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980)).  "Under the federal-law standard,[5] this requires '(1) a final judgment on the merits in the earlier action; (2) identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits.'"  <u>Id.</u> (quoting <u>Kale v. Combined Ins. Co. of Am.</u>, 924 F.2d 1161, 1166 (1st Cir. 1991)).  In the instant case, there is no question that the 2007 Action concluded with a judgment on the merits,

---

[5]  "Federal law principles of res judicata govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court."  <u>Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.</u>, 48 F.3d 576, 582 (1st Cir. 1995).  Because the judgment in the 2007 Action was rendered by a federal court, the preclusive effect of that judgment in the instant case is governed by federal <u>res judicata</u> principles.

thereby satisfying the first element of the <u>res judicata</u> analysis.  <u>See AVX Corp. v. Cabot</u>

<u>Corp.</u>, 424 F.3d 28, 30 (1st Cir. 2005) ("Ordinarily, a dismissal for failure to state a claim

is treated as a dismissal on the merits").  However, even assuming there is sufficient

identity between the parties in the two lawsuits to satisfy the third element of the inquiry,[6]

the defendants have not shown that the second element has been met.

### Lack of Identity of Causes of Action

The First Circuit uses a "transactional approach" to determine whether the causes

of action in the earlier and later suits are identical for purposes of <u>res judicata</u>.  <u>Breneman</u>

<u>v. United States ex rel. F.A.A.</u>, 381 F.3d 33, 38 (1st Cir. 2004).  Thus, "'[t]he necessary

identity will be found to exist if both sets of claims– those asserted in the earlier action

and those asserted in the subsequent action– derive from a common nucleus of operative

facts.'"  <u>Id.</u> (quoting <u>Gonzalez v. Banco Cent. Corp.</u>, 27 F.3d 751, 755 (1st Cir. 1994)).

However, "subsequent conduct, even if it is of the same nature as the conduct complained

of in a prior lawsuit, may give rise to an entirely separate cause of action."  <u>Gonzalez-</u>

<u>Pina v. Rodriguez</u>, 407 F.3d 425, 430 (1st Cir. 2005) (quotations, citations and alteration

_____

[6] Although Howard was named as a defendant in both actions, Bernhard, Beam and Asare were not parties to the 2007 Action, and the defendants have not presented any arguments or cited to any case law explaining why those individuals should be deemed to be in privity with the defendants in the prior litigation.  The First Circuit has instructed district courts to "tread gingerly in applying res judicata to nonparties."  <u>Gonzalez v. Banco Central Corp.</u>, 27 F.3d 751, 757 (1st Cir. 1994).  It has also explained that "[t]he doctrine of res judicata rests upon the bedrock principle that, for claim preclusion to apply, a litigant first must have had a full and fair opportunity to litigate his claim."  <u>Id.</u> at 758.  Thus, there is a substantial question as to whether the third element of the test for <u>res judicata</u> could be satisfied with respect to Bernhard, Beam and Asare.  Nevertheless, this court will assume, without deciding, that their status as Howard's subordinates is sufficient to place them in privity with Howard for purposes of <u>res judicata</u>.

omitted).  Likewise, "a 'special incident different from what already occurred in the past' in the prior action may serve to differentiate the two causes of action such that claim preclusion does not apply."  Graham v. Sabol, 734 F. Supp. 2d 194, 214 (D. Mass. 2010) (quoting Havercombe v. Dep't of Educ. of P.R., 250 F.3d 1, 3 (1st Cir. 2001)).

This court finds that the conduct complained of in the instant action is sufficiently distinct from the conduct at issue in the 2007 Action to distinguish Cordell's present claims from those asserted in the prior litigation.  In the earlier litigation, Cordell challenged only the inability of the medical staff at FMC Devens to stabilize his blood system due to their alleged lack of knowledge about his medical conditions.  (Def. Ex. A ¶ II).  He did not allege facts showing that the named defendants engaged in any specific acts which violated his constitutional rights.  (See Def. Ex. C).  Thus, while Cordell claimed that the alleged failure to stabilize his blood system left him in an "over-toxined" state, he did not claim that the named defendants engaged in any affirmative conduct which caused him to suffer harm.  (See Def. Ex. A ¶ II).  Here, in contrast, Cordell has alleged specific conduct by the defendants, including overdosing him with medication and attempting to cover up the overdoses, which allegedly deprived him of his rights under the Eighth Amendment.  Therefore, although both lawsuits generally concern medical care that Cordell received for his blood disorder while at FMC Devens, the nature of his present claims are substantively different than his claims in the prior action.

The record also shows that the conduct giving rise to the instant litigation post-dates Cordell's claims in the 2007 Action.  As described above, Cordell filed his

complaint in the 2007 Action on April 9, 2007. (Def. Ex. A). However, the alleged

incidents of overdosing complained of here did not begin until July 31, 2007, and the last

such incident did not occur until April 14, 2009. (Am. Compl. ¶ 13). For this reason as

well, this court finds that the current complaint sets forth a new cause of action. See

Shelby v. Factory Five Racing, Inc., 684 F. Supp. 2d 205, 212-13 (D. Mass. 2010) (even

where nature of conduct is the same in both actions, res judicata does not apply where

"subsequent conduct was broader and more far-reaching than the conduct which led to

the original complaint." (quotations and citation omitted)).

Notwithstanding the differences between Cordell's claims in the two actions, the

defendants argue that the second element of the test for res judicata has been satisfied.

Specifically, the defendants contend that the First Circuit, in dismissing Cordell's Eighth

Amendment claims in the 2007 Action, reviewed all of the evidence set forth in the

record "and found that it was replete with evidence that Cordell received proper care for

his blood condition while at FMC Devens up through at least April, 2008, the ending date

covered by Dr. Beam in his declaration[.]" (Def. Mem. at 9). Therefore, they argue, all

of the incidents of overdosing alleged in this case, with the exception of two incidents

which allegedly occurred in December 2008 and April 2009, were "directly reviewed and

dismissed in the First Lawsuit." (Id.). In addition, the defendants contend that "the

general issue of Coumadin overdosing was equally rejected in the First Lawsuit by both

the U.S. District Court as well as the First Circuit Court of Appeals; thus, the single dates

in 2008 and 2009 of overdosing are equally barred by these holdings in the First Lawsuit." (Id.).

This defendants' arguments are entirely unsupported by the record in the 2007 Action. As an initial matter, there is no indication that the district court or the First Circuit rejected any claims of Coumadin overdosing in connection with their decisions to dismiss Cordell's claims in that lawsuit. Cordell did not allege any instances in which the defendants gave him overdoses of Coumadin, and the First Circuit did not reference any such conduct in its decision on appeal. (See Def. Exs. A & C). Instead, the First Circuit specifically found that Cordell had failed to allege any specific acts by any of the specific defendants named in that Action. (Def. Ex. C).

The defendants' assertion that the First Circuit considered Beam's Declaration is similarly unsupported by the record. As described above, the district court allowed the defendants' motion to dismiss the complaint in the 2007 Action without converting that motion into one for summary judgment. Therefore, Beam's Declaration was not properly before the court and could not have been considered by either the district court or the First Circuit on appeal. See Giragosian, 547 F.3d at 65. In addition, although the First Circuit did find that the record was "replete with instances of medical attention, testing, treatment, calibration, and monitoring" for Cordell's blood condition, that finding was based on the records submitted as an Addendum to the complaint, not on Beam's Declaration, and the Court did not purport to examine the sufficiency of the treatment. (Def. Ex. C). Moreover, the records referenced by the First Circuit did not describe any

treatment that Cordell may have received at FMC Devens after August 3, 2006.

(Addendum to Compl. (Docket No. 3) in C.A. No. 07-40103 at Exs. 10 & 11).

Accordingly, there was no finding that Cordell received proper care for his blood

condition at any time relevant to the present litigation, and the defendants have not shown

that this action should be barred under principles of res judicata.

### C. Sufficiency of Cordell's Allegations

The defendants also have moved to dismiss the complaint on the grounds that

Cordell has failed to plead a Bivens claim against any of the individual defendants for

alleged violations of his constitutional rights. In particular, they assert that Cordell's

allegations are too vague and conclusory to meet the minimum pleadings requirements of

Fed. R. Civ. P. 8(a), and to "give the defendant[s] fair notice of what the plaintiff[']s

claim is and the grounds upon which it rests[.]" (Def. Mem. at 11-12). This court finds

that under the notice pleading requirements of Rule 8(a), Cordell's factual allegations are

adequate to state a claim against each of the defendants for violations of his rights under

the Eighth Amendment. Therefore, this court recommends that the defendants' motion to

dismiss be denied.

In order to establish that prison personnel violated the Eighth Amendment in

connection with the provision of medical care, the plaintiff "must prove that the

defendants' actions amounted to 'deliberate indifference to a serious medical need.'"

DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) (quoting Estelle, 429 U.S. at 106,

97 S. Ct. at 292). "Deliberate indifference has both a subjective and an objective

component." Kosilek v. Maloney, 221 F. Supp. 2d 156, 180 (D. Mass. 2002). "[T]o satisfy the objective portion of the standard, an inmate must show that he has a serious medical need and that this need has not been adequately treated." Id. In order to satisfy the subjective prong, the complainant must establish that the responsible official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994). See also Kosilek, 221 F. Supp. 2d at 181. This second prong may be satisfied where the treatment provided was "'so inadequate as to shock the conscience[.]'" Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). It also may be met where the responsible official's acts or omissions were "so dangerous (in respect to health or safety) that a defendant's knowledge of a large risk can be inferred[.]" Id.

In the instant case, Cordell has sufficiently alleged claims against the defendants, all of whom were doctors or medical professionals responsible for providing him with medical care at FMC Devens, for deliberate indifference to his serious medical needs. By his Amended Complaint, Cordell alleges that he suffers from a blood disorder that is controlled by Coumadin, and that during his incarceration at FMC Devens, the defendants violated his Eighth Amendment rights by giving him overdoses of Coumadin and falsifying his medical records in an attempt to cover up the improper treatment. (Am.

18

Compl. ¶¶ 1, 17-18). He further alleges that the overdoses were life threatening, and caused him severe pain and bleeding. (Id. ¶¶ 9, 18-19). However, the defendants allegedly refused to provide him with emergency medical care, and declined to take steps to prevent the overdoses from continuing. (Id. ¶¶ 10-11, 19-20, 22, 25). These allegations are sufficient to state a claim of deliberate indifference under the liberal pleading requirements of Fed. R. Civ. P. 8(a). See Freeman v. Byrne, Civil Action No. 9:09-1102-DCN-BM, 2010 WL 1494978, at *3-5 (D.S.C. Mar. 16, 2010) (unpub. op.) (claims for deliberate indifference based on allegations that prison physicians gave plaintiff overdoses of medication and knowingly engaged in a coverup were sufficient to comply with pleading requirements set forth in Rule 8).

The defendants argue that the complaint is inadequate because Cordell has failed to allege "specific actions committed by each defendant which violated his constitutional rights[.]" (Def. Mem. at 10). However, Cordell has alleged facts describing each defendant's role in the alleged unconstitutional conduct. Cordell claims that the overdoses were given to him by Howard, with assistance from Asare, and that all of the defendants participated in the attempts to hide the improper treatment. (See Am. Compl. ¶¶ 9-10, 13-15, 20-21, 24-25). He also alleges that Howard and Asare refused to provide him with emergency care for the effects of the alleged overdoses, and that Bernhard and Beam were aware of the mistreatment, but failed to do anything to correct it. (See id. ¶¶ 10, 19-20, 22, 25). These allegations are more than adequate to provide the defendants

with "fair notice of what the claim is and the grounds upon which it rests."  Bell Atl., 550 U.S. at 555, 127 S. Ct. at 1964.

The defendants' assertion that the complaint lacks sufficient detail to support his claim of deliberate indifference is similarly misplaced.  (See Def. Mem. at 12-13).  The First Circuit has held that "there are no heightened pleading standards for civil rights cases."  See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66-67 (1st Cir. 2004).  Cordell has provided enough detail to apprise the defendants as to the nature of his claims.  At this early stage in the litigation, no more is required for the plaintiff to proceed with this action.  See Carter v. Newland, 441 F. Supp. 2d 208, 213-14 (D. Mass. 2006) (refusing to dismiss claim for deliberate indifference by pro se plaintiff where complaint was thin on detail but sufficient to notify defendants of claim).[7]  The defendants have not shown that this matter should be dismissed under Rule 8(a).

---

[7] In a footnote to their memorandum, the defendants argue that they are entitled to qualified immunity because Cordell has failed to allege a violation of his constitutional rights. (Def. Mem. at 13 n.9).  Specifically, the defendants contend that Cordell "merely alleges that FMC Devens staff have failed to stabilize his blood disorder[,]" and that qualified immunity is warranted because "one cannot be deliberately indifferent to an inmate's medical care merely on the basis that the inmate disagrees with that care."  (Def. Mem. at 13 n.9).  The defendants are correct that "a claim of inadequate medical treatment which reflects no more than a disagreement with prison officials about what constitutes appropriate medical care does not state a cognizable claim under the Eighth Amendment."  DesRosiers, 949 F.2d at 20.  However, their argument mis-construes the nature of Cordell's claims.  As detailed above, Cordell does not allege that prison staff failed to stabilize his blood disorder.  Rather, he alleges that the defendants administered dangerously excessive doses of medication to him, denied him emergency treatment, and attempted to cover up the improper conduct.  These allegations are sufficient to support an Eighth Amendment claim.  See Freeman, 2010 WL 1494978, at *3-5.  Therefore, even assuming that this reference in a footnote is sufficient to raise a qualified immunity defense, the defendants have not shown that they are entitled to qualified immunity.

**D.      Alleged Insufficiency of Evidence Regarding Deliberate Indifference**

Finally, the defendants argue that even if Cordell has successfully pleaded <u>Bivens</u> claims, those claims should be dismissed because he has failed to demonstrate that the defendants acted with deliberate indifference.  (Def. Mem. at 13-19).  More specifically, the defendants contend that "the record facts reflect that the [Bureau of Prisons] provided Cordell with more than adequate medical care for his various medical conditions."  (<u>Id.</u> at 14).  They also contend that "Cordell provides no objective medical support to substantiate his claims that staff at the [Bureau of Prisons] were 'unknowledgable' of his condition or that they improperly monitored and administered his Coumadin regimen."  (<u>Id.</u> at 16).  However, these arguments provide no support for the defendants' motion to dismiss.

The defendants have relied on materials outside the pleadings, including affidavit testimony submitted with their memorandum, to support their argument that Cordell received adequate medical care.  (<u>See</u> <u>id.</u> at 17, 19).  As detailed <u>supra</u>, those materials are not properly before the court on a motion to dismiss.  Moreover, Cordell is under no obligation to submit evidence in support of his claims at this stage in the litigation.  Therefore, the defendants' attempt to argue the evidence is premature and does not warrant dismissal.[8]

---

[8]  The defendants note, in passing, that "Cordell never attempted to exhaust the claims in the Amended complaint through the formal administrative remedy process at the [Bureau of Prisons] during his confinement at FMC Devens."  (Def. Mem. at 19 n.11).  Again, the defendants have relied on evidence outside the pleadings to support this argument.  Thus, to the extent they

# V.  CONCLUSION

For all the reasons detailed above, this court recommends to the District Judge to whom this case is assigned that the "Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment" (Docket No. 23) be DENIED, and that the plaintiff's cross-motion for summary judgment (Docket No. 25) also be DENIED, with all parties being permitted to refile motions for summary judgment after they have completed discovery.  Because the issues in this case are straightforward, and the defendants are prepared to move forward with summary judgment immediately, this court further recommends that the period for discovery be limited and that the parties be given **180 days** from the court's final ruling on the pending motions to complete any discovery and file any motions for summary judgment.[9]

---

are seeking dismissal on this basis, their argument is premature.

[9] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

_____/ s / Judith Gail Dein_____

Judith Gail Dein
United States Magistrate Judge